NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1530-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RASHON BRYANT,
a/k/a TERRELL A. BRYANT,

 Defendant-Appellant.

_________________________________

 Submitted September 26, 2017 – Decided October 26, 2017

 Before Judges Leone and Mawla.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No. 14-
 09-2366.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Michele E. Friedman, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for respondent (Kayla
 Elizabeth Rowe, Special Deputy Attorney
 General/Acting Assistant Prosecutor, on the
 brief).

PER CURIAM
 Defendant Rashon Bryant challenges a June 15, 2015 order

denying his motion to suppress evidence. We affirm.

 Defendant waived an evidentiary hearing, adopting the facts

stated in a police report.1 On February 24, 2014, Newark police

approached a group of individuals standing on a sidewalk. As

police approached, defendant uttered "Oh shit," and dropped a

cloth bag from his hand onto the sidewalk, which made a metallic

sound upon impact. Police grabbed defendant while he was still

standing next to the bag. Police searched the bag and discovered

an unregistered firearm.

 Defendant was indicted on a single count of second-degree

unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). Defendant

filed a motion to suppress, which the trial court denied. The

judge found defendant released the bag directly after noticing the

police and uttering an expletive. The judge determined this

sequence of events provided police with reasonable suspicion to

approach defendant. The judge stated it was logical to conclude

defendant had disclaimed and abandoned the contents of the bag

given it contained an illegal firearm.

1
 The parties have not provided the police report to us, however
the transcript of the motion hearing reflects the trial court read
directly from the report.

 2 A-1530-15T1
 After the judge adjudicated the motion, defendant pled guilty

to the indictment. He was sentenced to a five year term of

imprisonment subject to a forty-two month period of parole

ineligibility. On appeal from a September 24, 2015 judgment of

conviction, defendant raises the following argument:

 POINT I – THE MOTION COURT ERRED IN DENYING
 THE SUPPRESSION MOTION BECAUSE MR. BRYANT DID
 NOT ENGAGE IN THE REQUISITE OVERT ACT TO
 CONSTITUTE ABANDONMENT.

 Defendant argues "the doctrine of abandonment does not

justify the search and seizure of the evidence in this matter."

He argues he did not abandon the bag by "placing [it] down next

to him or dropping it."

 Defendant also argues the trial court had no basis to conclude

he attempted to leave the scene or move away from the bag because

he was immediately apprehended. Rather, defendant asserts the

police officers created the separation between him and the bag by

apprehending him.

 Additionally, defendant asserts the uttering of an expletive

has no bearing on the issue of abandonment. He argues he could

have made the statement because he dropped the bag or because he

was uncomfortable in police presence.

 Our standard of review on a motion to suppress is limited.

We must uphold the factual findings underlying the trial court's

 3 A-1530-15T1
decision so long as those findings are supported by sufficient

credible evidence in the record. State v. Elders, 192 N.J. 224,

243 (2007). "A trial court's findings should not be disturbed

simply because an appellate court 'might have reached a different

conclusion were it the trial tribunal' or because 'the trial court

decided all evidence or inference conflicts in favor of one side.'"

State v. Mann, 203 N.J. 328, 336 (2010) (quoting State v. Johnson,

42 N.J. 146, 162 (1964)). We will reverse only if convinced that

the motion judge's factual findings "are so clearly mistaken 'that

the interests of justice demand intervention and correction.'"

Elders, supra, 192 N.J. at 244 (quoting Johnson, supra, 42 N.J.

at 162).

 "Both the Fourth Amendment of the United States Constitution

and Article I, Paragraph 7 of the New Jersey Constitution, in

almost identical language, guarantee '[t]he right of the people

to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures.'" State v. Johnson, 193 N.J.

528, 541 (2008) (quoting U.S. Const. amend. IV; N.J. Const. art.

I, ¶ 7). However, "if the State can show that property was

abandoned, a defendant will have no right to challenge the search

or seizure of that property." Ibid. "[A]bandonment [of property]

has been defined as '[t]he relinquishing of a right or interest

 4 A-1530-15T1
with the intention of never again claiming it.'" Id. at 548

(quoting Black's Law Dictionary 2 (8th ed. 2004)).

 The State's burden to demonstrate abandonment is by the

preponderance of the evidence. Id. at 548 n.4. "In determining

whether a defendant voluntarily and knowingly relinquished a

possessory or ownership interest in property in response to police

questioning, a court should apply a totality-of-the-circumstances

analysis." State v. Carvajal, 202 N.J. 214, 227 (2010).

 Defendant argues that mere relinquishment of property does

not constitute abandonment. He points to Rios v. United States,

364 U.S. 253, 80 S. Ct. 1431, 4 L. Ed. 2d 1688 (1960), to support

this proposition. In Rios the United States Supreme Court reversed

a district court's denial of defendant's motion to suppress where

police followed a defendant who had entered a taxi, and then

stopped the cab and opened its door without probable cause, and

then the defendant "dropped a recognizable package of narcotics

to the floor of the vehicle." Id. at 254-56, 80 S. Ct. at 1432-

34, 4 L. Ed. 2d at 1690-91. The Supreme Court held the stop of

the cab was an unlawful arrest, and that nothing that happened

thereafter could make it lawful. Id. at 262, 80 S. Ct. at 1437,

4 L. Ed. 2d at 1694. Here, by contrast, defendant dropped the bag

before the police seized or arrested him.

 5 A-1530-15T1
 The Court added that if defendant had voluntarily revealed

the package of narcotics to police a lawful arrest could have

occurred. Id. at 261-62, 80 S. Ct. at 1436, 4 L. Ed. 2d at 1694.

The Court noted: "A passenger who lets a package drop to the floor

of the taxicab in which he is riding can hardly be said to have

'abandoned' it. An occupied taxicab is not to be compared to an

open field or vacated hotel room." Id. at 262 n.6, 80 S. Ct. at

1437 n.6, 80 L. Ed. 2d at 1694 n.6 (citations omitted). Here,

defendant dropped the bag outside, in the middle of a crowd where

it could have been taken by numerous people. He thus voluntarily

relinquished his possessory interest in it, unlike Rios, who still

had the package with him in the cab's backseat, which he alone

occupied. Defendant also relies upon State v. Tucker, 136 N.J.

158 (1994), and argues objects jettisoned during a police pursuit

initiated without probable cause cannot be deemed abandoned. Id.

at 172. In Tucker the Court affirmed our reversal of the trial

court's denial of defendant's suppression motion. Id. at 173. In

that case, the defendant was sitting on a curb, and when he noticed

a police vehicle approaching, fled. Id. at 161. The police gave

chase, defendant was eventually cornered, and in the process

dropped a bag containing cocaine. Ibid. The Tucker Court held

the seizure was unreasonable because the only reason the police

pursued defendant was because he fled. Id. at 168-73. Tucker did

 6 A-1530-15T1
not hold that fleeing was a prerequisite to abandonment. See

ibid. Therefore, even though the Court found defendant had dropped

the bag of cocaine, it could not be considered abandoned because

it was the product of an unreasonable search that lacked probable

cause. Ibid.

 Here, the search occurred because defendant dropped the bag,

which made a metallic sound, shortly after uttering an expletive

intimating his alarm at the police presence. These facts are

distinguishable from Tucker and Rios because in both cases the

defendant abandoned the property after the police took illegal

action to stop or pursue him. Here, defendant dropped and

abandoned the bag before the police took any action to seize him.

Moreover, we disagree with defendant's argument that an individual

"must take an overt action, such as fleeing from the location of

the abandoned property, to demonstrate an intent to relinquish

ownership of the property." Indeed, Tucker demonstrates the

opposite, and that the totality of circumstances dictate whether

a defendant has abandoned an object thereby subjecting it to a

search.

 Here, defendant saw the police approaching, uttered "Oh

shit," and dropped the bag, which made a metallic clank, suggesting

under the circumstances it contained a gun. That gave the officers

a valid indication defendant was trying to abandon the gun before

 7 A-1530-15T1
they could find it in his possession. Those indicia of abandonment

were not eliminated because the officers seized him before he

could flee or move away.

 The trial court's findings demonstrate consideration of the

totality of the circumstances. The trial judge stated:

 The court does not find or has not been given
 any competent evidence to find that there was
 a significant time interval between the
 defendant's sighting of the police, dropping
 of the bag, seizure of the defendant by the
 police, to adopt the substance of the argument
 [] put forth by the defendant that the
 defendant steadfastly stood by the bag and its
 contents and did not disclaim ownership of the
 above.

 . . . .

 The court does conclude that there's
 sufficient credible evidence to conclude that
 the defendant abandoned the contraband and
 thus relinquished any expectations of privacy
 in it[.]

 The trial court's determination that defendant voluntarily

relinquished possession of the bag is grounded in the court's

assessment of the totality of the circumstances. Having considered

the record and the applicable legal standards, the order denying

the motion to suppress was not an abuse of discretion.

 Affirmed.

 8 A-1530-15T1